**SCHEAR FINANCIAL SERVICES, INC., D.B.A. Cashland,**

v.

**CENTRAL STATE UNIVERSITY.**

Court of Claims of Ohio.

No. 91–10161.

Decided Feb. 10, 1993.

*Dawn S. Garrett,* for plaintiff.

*Lee Fisher,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

---

RUSSELL LEACH, Judge.

On December 31, 1992, plaintiff filed a motion for summary judgment. Defendant filed a motion for summary judgment on December 31, 1992. On January 14, 1993, plaintiff filed a memorandum in opposition to defendant's motion for summary judgment. The court conducted a non-oral hearing on January 15, 1993. For the reasons herein, defendant's motion for summary judgment is OVERRULED, and plaintiff's motion for summary judgment is GRANTED.

Civ.R. 56(C) provides that summary judgment may be rendered where there is no genuine issue as to any material fact, and the moving party is entitled to

judgment as a matter of law. Accordingly, the court will not grant a summary judgment where, upon review of the limited materials which Civ.R. 56(C) permits to be considered, a fact for resolution of the action is at issue, or the law does not support the moving party's position.

The facts in this case are not disputed. On May 10, 1991, in a face-to-face transaction, defendant delivered a check made payable to the order of Donald Gore in the amount of $1,462.46 to a person (imposter) pretending to be Donald Gore. On the same day, in a face-to-face transaction defendant delivered a check made payable to the order of Ronald L. Stokes in the amount of $2,095.20 to a person (imposter) pretending to be Ronald L. Stokes. The two checks were drawn by defendant on its unrestricted disbursement account maintained at Bank One, Dayton.

On May 10, 1991, the imposters presented the checks to plaintiff for payment. Plaintiff cashed the checks. After the checks were cashed, defendant became aware that the "real" payees had not received the checks. Defendant then ordered Bank One to stop payment on the two checks. Accordingly, when plaintiff forwarded the checks to Bank One, payment was refused. After unsuccessful collection attempts, plaintiff filed this action wherein it seeks damages from defendant in the amount of $3,557.66.

The issue in this matter is who must bear the loss as between drawer (defendant) who, in a face-to-face transaction, delivers a check to an imposter believing him to be the payee and the depository bank (plaintiff) which cashes it upon the imposter's endorsement. The law clearly sets forth that such loss falls upon the drawer of the check rather than the depository bank which took the check for collection. Former Uniform Commercial Code Section 3–405; 1961 Official Comment 2 to Uniform Commercial Code Section 3–405; R.C. 1303.41; White & Summers, Uniform Commercial Code (1988) 631–638, Section 16–8; Annotation (1962), 81 A.L.R.2d 1365, 1373; 71 Ohio Jurisprudence 3d (1986), 327, Negotiable Instruments and Other Commercial Paper, Section 285. The basis for this rule is that the first party whose act triggers the loss should bear the consequences. Annotation, 81 A.L.R.2d at 1375. Accordingly, as a matter of law, plaintiff is entitled to judgment. The court finds that plaintiff was damaged in the amount of $3,557.66.

For the above stated reasons, defendant's motion for summary judgment is OVERRULED, and plaintiff's motion for summary judgment is GRANTED. It is ordered that plaintiff recover $3,557.66 from defendant. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment for plaintiff.*

Russell Leach, J., retired, of the Franklin County Municipal Court, sitting by assignment.